KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICARDO HIDALGO and
MARIA DURAN,

        Plaintiffs,

  -against-

THE CITY OF NEW YORK, DETECTIVE
MICHAEL DELGARDO (SHIELD NO. 7800),
DETECTIVE TYRONE WALTON (SHIELD
NO. 4576), P.O. ANTHONY BURZOTTA, and
P.O.s "JOHN DOE" #1-5 (said names being
fictitious, as the true names are presently
unknown), Individually and in Their Official
Capacities,

        Defendants.
-----------------------------------------------------------X

**FRIST AMENDED**
**COMPLAINT**
**AND DEMAND FOR**
**JURY TRIAL**

13-CV-3626 (WHP)

Plaintiffs Ricardo Hidalgo and Maria Duran, by their attorney, Kim E. Richman, complaining of the Defendants, based upon information and belief, respectfully allege as follows:

**PRELIMINARY STATEMENT**

Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York and P.O.s "John Doe" #1-5 (said names being fictitious, as the

1

true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

3. Plaintiffs further invoke this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiffs were residents of New York County in the Southern District of New York.

7. At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and operates, manages, directs and controls the New York City Police Department ("NYPD"), which employs the other named Defendants.

8. At all times relevant to this action, Defendants Detective Michael Delgardo (Shield No. 7800), Detective Tyrone Walton (Shield No. 4576), P.O. Anthony Burzotta, and P.O.s "John Doe" #1-5 were and are police officers employed by the New York City Police Department and acting under color of state law, (collectively, with Defendant City, "Defendants").

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and employees of the NYPD.

**FACTS**

11. This action stems from Defendants' unlawful arrest and imprisonment of Plaintiff Ricardo Hidalgo, which was undertaken in absence of probable cause, and Defendants' use of excessive force against Plaintiff Maria Duran.

12. At all relevant times, Plaintiff Mr. Hidalgo, lived with his mother, Plaintiff Ms. Duran on W. 171st Street in Manhattan, New York.

13. On or about September 26, 2012, an alleged robbery took place at 2320 Grand Avenue, Bronx, New York.

14. Defendants at the NYPD 52nd Precinct, including John Doe #1, conducted an unduly suggestive and illegal photo array using Plaintiff Mr. Hidalgo's mug shot from a prior arrest.

15. As a result of the unlawful and unduly suggestive photo array, a complaining witness to the alleged robbery reportedly identified Plaintiff Mr. Hidalgo as the perpetrator. Any photo array was done under unlawful circumstances including, *inter alia*, undue influence or suggestion by Defendants.

16. Plaintiff Mr. Hidalgo was not in New York State during the time of the purported robbery, and was not involved in the alleged crime.

17. There was no videotape evidence of the alleged robbery, no physical evidence of the robbery, any other witness testimony, or any evidence whatsoever that a robbery took place other than the word of an alleged complaining witness.

18. Similarly, there was no indication that Plaintiff Mr. Hidalgo was involved in the robbery, or anywhere within the metropolitan area at the time the robbery took place other than the unduly suggestive photo array.

19. Thus, there was no evidence or circumstances that would support a reasonable amount of suspicion to lead to Mr. Hidalgo's arrest.

20. Nonetheless, under the supervision of Detective Michael Delgardo, Defendants issued an investigation card ("I-Card") for Plaintiff Mr. Hidalgo.

21. On or about October 3, 2012, P.O. Anthony Burzotta of Bronx Warrants attempted to apprehend Mr. Hidalgo at his residence, though Mr. Hidalgo was not at the location.

22. On or about October 18, 2012, at approximately 9:50 p.m. Defendants, including Det. Tyrone Walton, came to Plaintiffs' residence.

23. Upon information and belief, Defendants did not have a search warrant for the premises, or an arrest warrant for Plaintiff Mr. Hidalgo.

24. Defendants pounded on Plaintiffs' door, demanding to be let in. When Plaintiff Ms. Duran opened the door, Defendants forcefully pushed Plaintiff Ms. Duran out of the way, causing her physical pain and severely frightening her and entered her home. Defendants then arrested Plaintiff Mr. Hidalgo, handcuffed him, searched him and took him to the local precinct for processing.

25. Plaintiff Mr. Hidalgo was held for approximately 22 hours before being placed in an unduly suggestive lineup.

26. During the lineup, Plaintiff Mr. Hidalgo was forced to stand at position number three (3), in the center of the lineup. Moreover, the other men in the lineup were significantly older than Plaintiff Mr. Hidalgo. During the lineup, Defendants joked about paying money to other members of the lineup.

27. The complaining witness did not identify Plaintiff Mr. Hidalgo in the lineup.

28. Defendants then held Plaintiff Mr. Hidalgo for several additional hours until approximately 11:20 p.m. on October 19, 2012, more than twenty-five (25) hours

5

after being apprehended before being released without being charged with any crime or violation.

29. As a result of Defendants' aforementioned violations of his civil rights, Plaintiff Mr. Hidalgo was subjected to the humiliation of being arrested and led away in full public view in front of his community and family resulting in damage to his esteem and reputation within the community. Additionally, Plaintiff Ms. Duran suffered physical and emotional harm when she had unwarranted and excessive force used upon her by Defendants.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

32. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities by the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and which are actionable under 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages,

practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

35. The acts complained of were carried out by Defendants in retaliation for Plaintiff's exercise of protected speech, namely Plaintiff Mr. Hidalgo's filing of a prior action against said Defendants and/or their colleagues, and Defendants' actions have had a chilling effect on Plaintiff's exercise of his rights.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of Defendant City, which is forbidden by the Constitution of the United States.

37. By these actions, these Defendants have deprived Plaintiffs of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

38. Plaintiff Ricardo Hidalgo repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

39. As a result of Defendants' aforementioned conduct, Plaintiff Mr. Hidalgo was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined and incarcerated and prosecuted by the Defendants without any probable cause, privilege or consent.

40. Plaintiff Hidalgo was at all times aware of his confinement.

41.     As a result of the foregoing, Plaintiff Mr. Hidalgo's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

42.     As a result of his false arrest, Plaintiff Mr. Hidalgo was subjected to humiliation, ridicule and disgrace before his neighbors and peers.  Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF: <br> EXCESSIVE FORCE UNDER 42 U.S.C §1983

43.     Plaintiff Maria Duran repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

44.     Plaintiff Duran voluntarily answered the door and posed no threat to Defendants, nor was she a criminal suspect.

45.     Notwithstanding, Defendants gratuitously and forcefully pushed Plaintiff.

46.     Defendants acted in an excessive and unreasonable manner in the performance of their duties as law enforcement officers of the Defendant City.

47.     By the actions described above, Defendants intentionally caused and made bodily contact with Plaintiff Ms. Duran in a harmful, offensive and unreasonable manner in violation of the Constitution.

48.     Defendants' actions were unreasonable under the circumstances.

49.     As a consequence thereof, Plaintiff Ms. Duran has suffered physical and emotional injuries, including exacerbation of her pre-existing heart condition.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL ENTRY UNDER 42 U.S.C §1983

50. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

51. At no time did Plaintiffs consent to Defendants' entry into their residence.

52. Defendants unlawfully entered Plaintiffs residence in the absence of a valid warrant, privilege, exigent circumstances, or other justification.

53. As a proximate and direct result of Defendants' acts, Plaintiffs suffered violations of their rights under the Constitution.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

54. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

55. Defendants unlawfully entered Plaintiff's home in violation of their rights under the First, Fourth and Fourteenth Amendments to the Constitution.

56. Defendants searched, seized, and prosecuted Plaintiff Mr. Hidalgo despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

57. Defendants used excessive force against Plaintiff Ms. Duran despite a complete lack of justification for the use of force against her, notwithstanding their knowledge that such actions would jeopardize Plaintiff's well-being, safety and constitutional rights.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

60. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include detaining and arresting young minority males without reasonable suspicion or probable cause, conducting intrusive body searches without individual particularized suspicion or other justification, unlawful entry into private residences without privilege or consent, and the use of excessive force in circumstances where no use of force is warranted.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

62. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

63. Defendant CITY, as municipal policymaker in the training and supervision of Detective Michael Delgardo (Shield No. 7800), Detective Tyrone Walton (Shield No. 4576), P.O. Anthony Burzotta, and P.O.s "John Doe" #1 through #5, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the

10

rights of persons in their domain who suffer violations of their rights First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

64. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

65. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

67. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;
   b. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;
   c. To be free from unlawful entry and violations of the right to privacy;
   d. To be free from infliction of emotional distress; and
   e. To receive equal protection under the law;
   f. To be free from the use of excessive force.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TWO MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
February 24, 2014

Respectfully submitted,

/s/ 

Kim E. Richman, Esq.
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
(212) 643-0500 (telephone)
(212) 253-4272 (facsimile)

*Attorney for Plaintiffs*

12